UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES E. LEAK,

       Plaintiff,

v.                              Case No. 8:13-cv-3240-T-33TGW

PHOENIX SAILING YACHT SERVICES,
INC.,

       Defendant.
_____/

**ORDER**

    This cause comes before the Court pursuant to Plaintiff James E. Leak's Motion for Partial Summary Judgment as to Defendant's Limitations of Liability Affirmative Defense (Doc. # 25), filed on July 31, 2014. Defendant, Phoenix Sailing Yacht Services, Inc. filed a response in opposition to the Motion on August 18, 2014. (Doc. # 26). For the reasons that follow, the Motion is denied.

**I.**  **Background**

    Phoenix Sailing is the operating company of M/V FANTASEA, which provides two hour sunset cruises from its dock in St. Petersburg Beach, Florida to the mouth of the Gulf of Mexico at Pass-A-Grill. (Doc. # 1 at ¶ 3; Doc. # 26 at 2). Dany Peretz is the President and sole board member of Phoenix Sailing. (Doc. # 25 at ¶ 6).

The owner of M/V FANTASEA is Dolphin I Excursions, Inc. (Doc. # 26 at 2). Peretz owns 90% of Dolphin I Excursions and Fleming owns roughly 10% of the company. (Doc. # 25 at ¶¶ 4, 6; Doc. # 25-1 at 4; Doc. # 26 at 2).

On the afternoon of March 16, 2012, prior to sunset, Phoenix Sailing, by way of the M/V FANTASEA, came into contact with the anchor line of Leak's boat. (Doc. # 1 at ¶ 7; Doc. # 26 at 2). At all relevant times, Fleming was operating the M/V FANTASEA (Doc. # 25 at ¶ 3), and Peretz was operating a private charter of the M/V MAGIC (Doc. # 25 at ¶ 8; Doc. # 26 at 2), which was sailing several hundred yards behind the M/V FANTASEA (Doc. # 25 at ¶ 8).

Leak initiated this action on December 26, 2013, alleging one count of negligence. (See Doc. ## 1, 19). Leak filed the present Motion on July 31, 2014. Phoenix Sailing filed a response in opposition to the Motion (Doc. # 26) on August 18, 2014. The Court has reviewed the Motion and the response thereto, and is otherwise fully advised in the premises.

## II.  Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

2

R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590,

3

593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel Works, Inc. v. Emp'rs Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981), cert. denied, 456 U.S. 1010 (1982).

**III. Analysis**

The limited issue before the Court is whether the Limitation of Liability Act, 46 U.S.C. § 183(a), applies to the instant action. 46 U.S.C. § 183(a), provides:

> The liability of the owner of any vessel, whether American or foreign, for any embezzlement, loss, or

4

> destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, except in the cases provided for in subsection (b) of this section, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

46 U.S.C. § 183(a).

The determination as to whether the Act applies requires a two-step analysis. Hercules Carriers, Inc. v. Claimant State of Fla., Dep't of Transp., 768 F.2d 1558, 1564 (11th Cir. 1985). "First, the court must determine what acts of negligence or conditions of unseaworthiness caused the accident. Second, the court must determine whether the ship owner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness." Farrell Lines, Inc. v. Jones, 530 F.2d 7, 10 (5th Cir. 1976). Once a claimant satisfies the initial burden of proving negligence or unseaworthiness, the burden of proof shifts to the shipowner to prove the lack of privity or knowledge. Hercules Carriers, Inc., 768 F.2d at 1564.

Leak devotes his entire Motion to arguing that the Limitation Act does not apply to the instant action as he

claims Fleming and Peretz were in privity and had knowledge of the alleged negligent acts. (See Doc. # 25). Specifically, Leak submits:

> The Limitations Act is not applicable in this case insofar as an owner of the M/V FANTASEA, Captain Randall Fleming, who owns a 10% ownership interest in the vessel, was in control of the boat as its master, and personally responsible for all actions of the vessel at the time of its allusion with [Leak's] boat . . . Moreover, the other owner of the M/V FANTASEA, who owns a 90% interest in the vessel, Captain Dany Peretz, was sailing as master aboard the M/V MAGIC within visual sight of the M/V FANTASEA at the time it snagged the anchor line of [Leak's] boat and struck his vessel. Captain Peretz could have used radio communication to warn the M/V FANTASEA when he saw the M/V FANTASEA approaching [Leak's] boat, but he chose not to do so.

(Id. at 5)(internal citations omitted).

However, as correctly pointed out by Phoenix Sailing, Leak "bypasses the first step of the two-step analysis" articulated above. (Doc. # 26 at 6). Phoenix Sailing argues that "[u]nless and until [P]laintiff can prove that [Defendant] was negligent and/or the vessel was unseaworthy, which was a cause of the incident, the 'issue' of whether or not there was 'privity and knowledge' on the part of [Defendant] . . . is not ripe for consideration. . . ." (Id. at 4). This Court agrees.

6

Leak has failed to sustain his initial burden of providing evidence to prove that acts of negligence or conditions of unseaworthiness on behalf of Phoenix Sailing caused the accident. See In re Complaint of Royal Caribbean Cruises Ltd., 459 F. Supp. 2d 1284, 1288 (S.D. Fla. 2006)("Claimant[ ] must put forth some evidence of . . . negligence or unseaworthiness before the burden shifts to [ship owner] to prove lack of knowledge or privity."). Instead, Leak has provided conclusory allegations of Phoenix Sailing's negligence, in order to shift the burden to Phoenix Sailing and request that this Court determine the issue of privity and knowledge.

However, questions of fact still remain as to liability. Specifically, whether Phoenix Sailing was negligent and/or the M/V FANTASEA was unseaworthy at the time in question. Therefore, this Court declines to decide whether Phoenix Sailing, through Peretz and Fleming, had the requisite knowledge or privity to make the Limitations Act inapplicable to the present circumstances. For the foregoing reasons, Leak's Motion is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff James E. Leak's Motion for Partial Summary Judgment as to Defendant's Limitations of Liability Affirmative Defense (Doc. # 25) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of September, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

8